**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTONIE I. ADOLPHUES, | : | CIVIL ACTION NO. 02CV2786 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CHIMES DISTRICT OF COLUMBIA, INC., | : | |
| | : | |
| Defendant. | : | |

## **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Chimes District of Columbia, Inc., by and through its counsel, hereby make the following answer to plaintiff's complaint, affirmative defenses, and counterclaims against plaintiff.

## **ANSWER**

1.     It is admitted that Antonie I. Adolphus ("plaintiff") is an adult individual and the plaintiff in this case.  Defendant is without knowledge or information sufficient to admit or deny plaintiff's current home address.

2.     Admitted.

3.     Paragraph 3 of the Complaint is a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, defendant admits that it is a corporation that acts through agents, and all other allegations are denied.

4.     Paragraph 4 of the Complaint is denied, except that defendant admits that plaintiff was a project manager until on or about January 22, 2001, at which time he was terminated for dishonesty.

5.     Denied.

6.     Denied.

811109v2

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Defendant is without knowledge or information sufficient to admit or deny plaintiff's pre-defendant activities, but specifically denies any publication of false and defamatory statements.

13.     Defendant is without knowledge or information sufficient to admit or deny plaintiff's religious activities, but specifically denies any publication of false and defamatory statements.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

WHEREFORE, Defendant respectfully prays that the complaint be dismissed in its entirety and/or that judgment be entered in its favor, with costs and attorney fees taxed against plaintiff.

811109v2

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The defamation claim is barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

### FOURTH AFFIRMATIVE DEFENSE

There was no publication of the asserted statements at issue by defendant.

### FIFTH AFFIRMATIVE DEFENSE

The asserted statements at issue comments are not actionable because they are true or substantially true.

### SIXTH AFFIRMATIVE DEFENSE

The asserted statements at issue are protected by privilege.

### SEVENTH AFFIRMATIVE DEFENSE

The asserted statements at issue were reasonable and justified.

### EIGHTH AFFIRMATIVE DEFENSE

The asserted statements at issue are constitutionally privileged because the subject matter is a matter of legitimate serious public interest and concern.

811109v2

## NINTH AFFIRMATIVE DEFENSE

The asserted statements at issue are protected speech under the First Amendment of the US Constitution and Article 1, Section 7 of the Constitution of the Commonwealth of Pennsylvania and cannot lawfully subject the defendant to liability.

## TENTH AFFIRMATIVE DEFENSE

The implication plaintiff attributes to the asserted statements at issue are not meanings that were intended, anticipated, or endorsed by defendant, nor are they meanings that would reasonably be understood by the recipient.

## ELEVENTH AFFIRMATIVE DEFENSE

Liability cannot be imposed on defendant for implications or inferences that it did not intend and of which it was not aware at the time of the alleged publication.

## TWELFTH AFFIRMATIVE DEFENSE

The alleged statements at issue are not actionable because they were made in good faith, without malice, in the belief that they were true.

## THIRTEEN AFFIRMATIVE DEFENSE

The alleged statements at issue are not actionable because they were published on a proper occasion, with a proper motive, in a proper manner and were based upon a reasonable and proper cause to believe that factual statements set forth were true.

## FOURTEENTH AFFIRMATIVE DEFENSE

The implications that plaintiff attributes to the challenged statements are strained and unreasonable.

811109v2

## FIFTEENTH AFFIRMATIVE DEFENSE

Liability cannot be imposed for alleged implication or inferences that cannot be proved false by objective evidence.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant did not publish the statements at issue with knowledge of their falsity or reckless disregard for the truth.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The asserted statements at issue did not cause any damage to plaintiff's reputation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The asserted statements at issue did not cause plaintiff any pecuniary harm.

## NINETEENTH AFFIRMATIVE DEFENSE

Some of the statements at issue are constitutionally privileged and not actionable because they are not objectively verifiable as true or false.

## COUNTERCLAIMS

1.      While employed by Defendant, plaintiff owed a duty of loyalty to act in defendant's best interest in all matters in connection with, or related to, his employment.

2.      While employed by Defendant, plaintiff owed a duty to disclose to defendant all information concerning his employment or the operations of defendant, that defendant would want to know.

3.      During the course of his employment, plaintiff coerced subcontractors of defendant, as to whom he had the ability to affect their relationship with defendant, or who thought he had the ability to affect their relationship with defendant, into paying him kickbacks to obtain and/or retain their subcontracts with defendant.

811109v2

4.     More specifically, plaintiff required subcontractor Oakley to pay him amounts of $2,800, $2,000, and $1,000 via checks 1014, 1038, and 1080 in November and December 2000. Plaintiff also coerced subcontractor Cody to pay him amounts of $1,907.17, and $1,612.72 in checks 2095 and 2106 in August and September 2000.

## BREACH OF THE EMPLOYEE DUTY OF LOYALTY

5.     Paragraphs 1-4 of the Counterclaims is incorporated as if set forth at length.

6.     Such payments were coerced kickbacks, and constitute a breach of plaintiff's duty of loyalty he owed defendant.

7.     Plaintiff violated his duty of loyalty to act in defendant's best interest in all matters in connection with or related to his employment, while employed by defendant.

8.     Even if plaintiff's after the fact explanations were true (that the payments supposedly represent legitimate payments for undocumented debts the contractors allegedly owed him and/or return on investments he had secretly made in the subcontractors), this unsubstantiated claimed conduct would represent a breach of his duty of loyalty, in that he owed a duty to avoid relationships generating a conflict of interest and appearance of impropriety, and owed a duty to disclose these relationships to defendant prior to the time they were made.

WHEREFORE, Defendant seeks compensatory and punitive damages (including disgorgement of salary during the relevant period and return to all coerced payments) against plaintiff in an amount in excess of $150,000.

## FRAUDULENT CONCEALMENT

8.     Paragraphs 1-7 of the Counterclaims is incorporated as if set forth at length.

-6-

811109v2

9.    Such payments constitute a fraudulent failure to disclose.

10.    While employed by defendant, plaintiff owed a duty to disclose to defendant all information concerning his employment or the operations of defendant, that defendant would want to know.

12.    Even if plaintiff's after the fact explanations were true (that the payments supposedly represent legitimate payments for undocumented debts the contractors allegedly owed him and/or return on investments he had secretly made in the subcontractors), this unsubstantiated claimed conduct would represent a fraudulent failure to disclose, in that he owed a duty to disclose all independent business relationships with subcontractors, especially those generating a conflict of interest and appearance of impropriety, and owed a duty to disclose these relationships to defendant prior to the time they were made.

13.    Plaintiff's failure to disclose was intentional, wanton and willful.

WHEREFORE, Defendant seeks compensatory and punitive damages (including disgorgement of salary during the relevant period and return to all coerced payments) against plaintiff in an amount in excess of $150,000.


Date: _____        _____
                            Daniel P. O'Meara
                            Montgomery, McCracken, Walker
                              & Rhoads, LLP
                            123 South Broad Street
                            Philadelphia, PA  19109
                            (215) 772-1500

                            Attorney for Defendant
                            Chimes District of Columbia, Inc.

811109v2

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel P. O'Meara, hereby certify that the _____ day of June, 2002, I caused a true and correct copy of the Answer with Counterclaims, to be served via U.S. First Class Mail, postage prepaid, upon the following individual at the address indicated:

Carolyn L. Gaines, Esquire
Two Penn Center
Suite 200
Philadelphia, PA 19102

**Attorney for Plaintiff**

_____
Daniel P. O'Meara